## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| CLARENCE HUGH ETHRIDGE, Individually | § | |
| And as Personal Representative of the Estate of | § | CAUSE NO. _____ |
| OUIDA LUCILLE ETHRIDGE, Deceased; | § | |
| DONNA WRIGHT and | § | |
| DEBRA K. SCHULTZ | § | |
| | § | |
| vs. | § | JURY DEMANDED |
| | § | |
| INVACARE CORPORATION and | § | |
| AMERICAN BANTEX CORPORATION | § | |

## INDEX OF DOCUMENTS BEING FILED

Pursuant to Local Rule 81, Defendant Invacare Corporation ("Invacare") files the following index concurrently with their Notice of Removal of Cause No. 11-CV-1364 filed in the District Court of Galveston County, Texas, 212th Judicial District:

Exhibit A- Affidavit by Gretchen Schuler;

Exhibit B- Plaintiff's Original Petition with Discovery; and

Exhibit C- List of parties, counsel of record, and status of removed case.

Respectfully submitted,

**LORANCE & THOMPSON, P.C.**

"/s/ Robert G. Smith, Jr."
Robert G. Smith, Jr.
SBN:  00794661
FBN:  19976
rgs@lorancethompson.com
Katie Sunstrom
SBN:  24037538
FBN:  34370
ks@lorancethompson.com
2900 North Loop West, Ste. 500
Houston, Texas 77092
Telephone: 713/868-5560
Facsimile:  713/864-4671

**ATTORNEYS FOR DEFENDANT,
INVACARE CORPORATION**

## CERTIFICATE OF SERVICE

I certify that on the _23rd_ day of September, 2011, a true and correct copy of the foregoing document was furnished to the following parties pursuant to Federal Rules of Civil Procedure:

Marian S. Rosen
SBN: 17263000
Angela Spears
SBN: 00792866
Marian S. Rosen & Associates
5065 Westheimer, Suite 840
Houston, Texas 77056
713.222.6464
713.227.4703 (fax)
**ATTORNEYS FOR PLAINTIFFS**

Paul Lin
Registered Agent
American Bantex Corporation
1815 Rollins Road
Burlingame, California  94010.

"/s/ Robert G. Smith, Jr."
Robert G. Smith, Jr.

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CLARENCE HUGH ETHRIDGE, Individually | § | |
| And as Personal Representative of the Estate of | § | CAUSE NO. _____ |
| OUIDA LUCILLE ETHRIDGE, Deceased; | § | |
| DONNA WRIGHT and | § | |
| DEBRA K. SCHULTZ | § | |
| | § | |
| vs. | § | JURY DEMANDED |
| | § | |
| INVACARE CORPORATION and | § | |
| AMERICAN BANTEX CORPORATION | § | |

### AFFIDAVIT

STATE OF OHIO          )
                                  )
COUNTY OF _Lorain_     )

      BEFORE ME, the undersigned authority, personally appeared Gretchen Schuler, who, being by me duly sworn, deposed as follows:

      "My name is Gretchen Schuler, Vice President-Insurance Risk Management & Technical Documentation for Invacare Corporation. I am over the age of eighteen (18) years. I am fully competent and able to make this Affidavit and testify as to the facts set out below. I have personal knowledge of the facts related herein.

      I am employed by Invacare Corporation as Vice President-Insurance Risk Management & Technical Documentation. I have managed numerous product liability claims, including wrongful death and survival claims, for more than ten years. Based on my experience, it is much more likely than not that the representative of the Estate of Ouida Lucille Ethridge, deceased, and her heirs, will seek more than $75,000 in the above-captioned lawsuit against Invacare Corporation alleging strict liability, failure to warn, negligence, and wrongful death.

      Further affiant sayeth not."

                           _____
                           Gretchen Schuler, Vice President-Insurance Risk Management & Technical Documentation for Invacare Corporation



SUBSCRIBED and SWORN to before me on this the _23_ day of _September_,
2011.

_____
Notary Public in and for
The State of Ohio

REBECCA M. LENGYEL
NOTARY PUBLIC • STATE OF OHIO
Recorded in Erie County
My commission expires Mar. 4, 2015

2

11-CV-1364
DCORPET
Original Petition – OCA
257301

10

No. _____ 11cv1364

11 AUG 24 AM 11: 20

*[handwritten, illegible]*

CLARENCE HUGH ETHRIDGE, Individually            §       IN THE DISTRICT COURT OF
and as Personal Representative of the Estate of         §
OUIDA LUCILLE ETHRIDGE, Deceased;               §
DONNA WRIGHT and                                §
DEBRA K. SCHULTZ                                §
                                                §       GALVESTON COUNTY, TEXAS
vs                                              §
                                                §
INVACARE CORPORATION and                        §
AMERICAN BANTEX CORPORATION                     §       212      JUDICIAL DISTRICT

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs, **CLARENCE HUGH ETHRIDGE, Individually and as Personal Representative**

**of the Estate of OUIDA LUCILLE ETHRIDGE** ("Mrs. Ethridge"), **Deceased; DONNA WRIGHT**

and **DEBRA K. SCHULTZ**, complain of Defendants, **INVACARE CORPORATION** ("Invacare"),

and **AMERICAN BANTEX CORPORATION** ("Bantex"), and show:

### I. DISCOVERY

1.      Discovery is intended to be conducted under Level 2.

### II. PARTIES

2.      Plaintiff, **OUIDA LUCILLE ETHRIDGE**, was and had been a resident of Galveston

County, Texas at all times relevant to this case. **CLARENCE HUGH ETHRIDGE** is a resident of

Baxter County, Arkansas. He is Mrs. Ethridge's son and acts as the Personal Representative of her

Estate. **DONNA WRIGHT** and **DEBRA K. SCHULTZ** are residents of Galveston County, Texas

and the daughters of Ouida Lucille Ethridge.

s/c 11/23/11

Ethridge(2)Pet.wpd   8/22/11

1

*[handwritten: Melis 8/22]*



DEFENDANT'S
EXHIBIT
B

3.      Defendant, **INVACARE CORPORATION**, is a Ohio corporation doing business in Galveston County, Texas.  This Defendant can be served by serving its registered agent for service, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas  75201.

4.      Defendant, **AMERICAN BANTEX CORPORATION**, is a California corporation not authorized to do business in Texas, but doing business in the State of Texas.  This Defendant has not appointed a registered agent for service of citation in the State of Texas.  Therefore, pursuant to §17.044(a)(1) of Texas Civil Practices and Remedies Code, service of citation may be perfected on this Defendant by serving the Secretary of State for the State of Texas, who shall immediately mail a copy of the process to said non-resident Defendant at its home office and principal place of business to its registered agent, Paul Lin, at 1815 Rollins Road, Burlingame, California  94010.

## III.  JURISDICTION AND VENUE

5.      The subject matter in controversy is within the jurisdictional limits of this Court.

6.      This Court has jurisdiction over this action, and venue is proper pursuant to §15.001, TEX. CIV. PRAC. & REM. CODE, because all or a substantial part of the events or omissions giving rise to the claims alleged in this Petition occurred in Galveston County, Texas.

7.      Defendants are subject to the jurisdiction of this Court in that they have, either personally or through their agent, servant or employee, performed one or more of the following acts: (a) placed products and material in the stream of commerce which were sold and/or used in Galveston County, Texas; (b) operated, conducted, engaged in or carried on a business or business venture in Galveston County, Texas; (c) committed a tortious act within Galveston County, Texas; (d) caused injury to persons or property within Galveston County, Texas while engaged in solicitation or service activities within Galveston County, Texas; and (e) processed, serviced or manufactured products used or consumed within Galveston County, Texas.

8.     All conditions precedent to the filing of this case have occurred or been done.

## IV. FACTS

9.     Mrs. Ethridge was admitted into a long-term care nursing facility called Friendship Haven Healthcare and Rehabilitation Center (the "Nursing Home") on or about April 6, 2007. During her residency at the Nursing Home, Mrs. Ethridge developed pressure ulcers that necessitated that she be placed on an air mattress. Mrs. Ethridge was a vulnerable patient, frail and often confused. Her bed also had half side rails.

10.    The air mattress provided to Mrs. Ethridge at the Nursing Home was manufactured, packaged, advertised, labelled, offered for sale, marketed, sold and distributed by Bantex. Bantex marketed the mattress for use in long-term care facilities for patients with the exact health conditions as those suffered by Mrs. Ethridge and in combination with bed rails. Alternatively, Bantex knew, or should have known, that the air mattress would be used in a nursing home setting and that there was a likelihood that the mattress would be used on a bed with side rails. Also, Bantex knew, or should have known, that many patients in long-term care facilities are confused and frail persons who will not reliably follow instructions to lie still, use a call bell, or wait for assistance to get out of bed.

11.    The side rails on the bed provided to Mrs. Ethridge were manufactured, packaged, advertised, labelled, offered for sale, marketed, sold and distributed by Invacare. Invacare marketed the side rails for use in long-term care facilities. Invacare knew, or should have known, that the side rails would be used in a nursing home setting and that there was a likelihood that the side rails would be used on beds with air mattresses. Also, Invacare knew, or should have known, that many patients in long-term care facilities are confused and frail persons who will not reliably follow instructions to lie still, use a call bell, or wait for assistance to get out of bed.

12.    On or about August 24, 2009 at approximately 5:30 a.m., Mrs. Ethridge was found with her head lodged between the side rails and air mattress on her bed. CPR was initiated, but

Mrs. Ethridge could not be revived.  Mrs. Ethridge died on August 24, 2009 as a direct result of the

injuries she suffered.  An autopsy revealed that Mrs. Ethridge had suffered fractures of her hyoid and

thyroid bone, and her cause of death was determined to be positional asphyxia.

## V.  CAUSES OF ACTION

### Count I – Strict Liability – Bantex

13.     Plaintiffs incorporate the allegations of paragraphs 1 through 12 above.

14.     The air mattress which caused Mrs. Ethridge's injuries was not substantially altered

after it left the manufacturer, Bantex, before the incident described herein.  The current design of

Bantex' air mattress allows for lethal rail entrapments in beds with air mattresses.  The injuries

Mrs. Ethridge suffered were due to defects in the design, manufacture, and assembly of the air

mattress, which caused it to have an unreasonable and dangerous propensity for causing injury due to

problems with the design of the air mattress, including, *inter alia*, the following:

a.      The air mattress is highly compressible, which causes the center of the mattress
        to rise when a person moves to one side of the mattress, making a ramp that
        pours the patient off the bed or against the side rail, causing a high risk for
        serious injury or death to a nursing home patient like Mrs. Ethridge.

b.      The compression of the mattress widens the space between the mattress and the
        side rails, increasing the likelihood that a nursing home patient, like
        Mrs. Ethridge, will become trapped between the mattress and the side rails on
        the bed, causing a high risk for serious injury or death.

c.      Once a patient, like Mrs. Ethridge, has become trapped between the mattress
        and the side rails on the bed, the re-expansion of the axial midline of the air
        mattress presses the patient's chest, neck or head against the side rail, as
        happened to Mrs. Ethridge in this case.

15.     As a result of the actions and omissions of Bantex, Plaintiffs were damaged in an

amount within the jurisdiction of the Court.

### Count II – Failure to Warn – Bantex

16.     Plaintiffs incorporate the allegations of paragraphs 1 through 12 above.

17.     Bantex marketed and sold its air mattresses to long-term care facilities, including the Nursing Home, for use by impaired patients, like Mrs. Ethridge, without providing warnings about the risks and dangers associated with the use of the mattress in combination with side rails.

18.     Bantex failed to adequately warn consumers, including Plaintiffs, that the air mattress had a manufacturing defect that rendered it unreasonably dangerous to an ordinary user of the product when used in combination with side rails.

19.     Bantex failed to disclose to the Nursing Home or to Plaintiffs that there was an increased risk for serious injury or death to a nursing home patient, like Mrs. Ethridge, when using its air mattress in combination with side rails due to defects in the design of the mattress.

20.     Bantex failed to warn the Nursing Home and Plaintiffs how and when to use alarms or sitters to manage delirious or demented persons, like Mrs. Ethridge, who will not reliably follow instructions to lie still, use a call bell, or wait for assistance to get out of bed.

21.     Bantex failed to warn the Nursing Home and Plaintiffs on the appropriate use of the air mattress in combination with side rails.

22.     Bantex failed to warn the Nursing Home and Plaintiffs on the appropriate use of adaptive equipment, including foam blocks, to make use of the air mattress on a bed with side rails safer for nursing home patients, like Mrs. Ethridge.

23.     As a result of the actions and omissions of Bantex, Plaintiffs were damaged in an amount within the jurisdiction of the Court.

### Count III – Negligence – Bantex

24.     Plaintiffs incorporate the allegations of paragraphs 1 through 12 above.

25.     Bantex was negligent in designing, manufacturing and marketing the air mattress. The negligence on the part of Bantex was a proximate cause of the injuries and damages suffered by Plaintiffs. Further, Bantex was negligent in failing to inform Plaintiffs of the inherent risks for lethal

rail entrapments in beds with air mattresses, and in failing to give full, proper and adequate warnings and instructions regarding the hazards associated with the use of its air mattress.

26.     The negligence of Bantex was a proximate cause of the injuries and damages suffered by Plaintiffs.

## Count IV – Strict Liability – Invacare

27.     Plaintiffs incorporate the allegations of paragraphs 1 through 12 above.

28.     The side rails which caused Mrs. Ethridge's injuries were not substantially altered after they left the manufacturer, Invacare, before the incident described herein.  The current design of Invacare's side rails allows for lethal rail entrapments in beds with air mattresses.   The injuries Mrs. Ethridge suffered were due to defects in the design, manufacture, and assembly of the side rails, which caused them to have an unreasonable and dangerous propensity for causing injury due to problems with the design of the side rails, including, *inter alia* the following:

   a.    The side rails are inherently dangerous as manufactured as they allow entrapment of patients between the side rail and the air mattress which is highly compressible, causing the center of the mattress to rise when a person moves to one side of the mattress and making a ramp that pours the patient off the bed or against the side rail, causing a high risk for serious injury or death to a nursing home patient like Mrs. Ethridge.

   b.    The side rail is manufactured in such a manner as to leave a gap between the mattress and the side rail, increasing the likelihood that a nursing home patient, like Mrs. Ethridge, will become trapped between the mattress and the side rail on the bed, causing a high risk for serious injury or death.

29.     As a result of the actions and omissions of Invacare, Plaintiffs were damaged in an amount within the jurisdiction of the Court.

## Count V – Failure to Warn – Invacare

30.     Plaintiffs incorporate the allegations of paragraphs 1 through 12 above.

31.     Invacare marketed and sold its side rails to long-term care facilities, including the Nursing Home, for use by impaired patients, like Mrs. Ethridge, without providing warnings about the

risks and dangers associated with the use of the side rails in conjunction with an air mattress or the fact that not all mattresses are compatible with the side rails.

32.     Invacare failed to adequately warn consumers, including Plaintiffs, that the side rails had a manufacturing defect that rendered them unreasonably dangerous to an ordinary user of the product in conjunction with an air mattress.

33.     Invacare failed to disclose to Plaintiffs that there was an increased risk for serious injury or death to a nursing home patient, like Mrs. Ethridge, when using its side rails in conjunction with an air mattress due to defects in the design of the side rails.

34.     Invacare failed to warn the Nursing Home and Plaintiffs that the mattress used on the bed with side rails should leave no gap wide enough to entrap a patient's head or body.

35.     Invacare failed to warn the Nursing Home and Plaintiffs to be aware that gaps could be created between its side rail and the mattress by movement or compression of the air mattress which may be caused by patient weight, patient movement, or bed position.

36.     Invacare failed to warn the Nursing Home and Plaintiffs that not all bed side rails, mattresses, and bed frames are interchangeable.

37.     Invacare failed to warn the Nursing Home and Plaintiffs that variation in bed side rail design and thickness and/or density of the mattress may affect the potential for entrapment.

38.     Invacare failed to warn the Nursing Home and Plaintiffs that, when bed side rails and mattresses are purchased separately from the bed frame, the consumer should check with the manufacturer(s) to make sure the bed side rails, mattress, and bed frame are compatible.

39.     Invacare failed to warn the Nursing Home and Plaintiffs that bed side rail protective barriers may be used to close off open spaces in which patients might accidentally become entrapped.

40.     As a result of the actions and omissions of Invacare, Plaintiffs were damaged in an amount within the jurisdiction of the Court.

Ethridge(2)Pet.wpd   8/22/11                                    7

**Count VI – Negligence – Invacare**

41.     Plaintiffs incorporate the allegations of paragraphs 1 through 12 above.

42.     Invacare was negligent in designing, manufacturing and marketing the side rails.  The negligence on the part of Invacare was a proximate cause of the injuries and damages suffered by Plaintiffs.  Further, Invacare was negligent in failing to inform Plaintiffs of the inherent risks for lethal rail entrapments in beds with air mattresses, and in failing to give full, proper and adequate warnings and instructions regarding the hazards associated with the use of an air mattress on a bed with its side rails.

43.     The negligence of Invacare was a proximate cause of the injuries and damages suffered by Plaintiffs.

**Count VII – Wrongful Death Claim**

44.     Clarence Hugh Ethridge, individually, Donna Wright and Debra K. Schultz incorporate the allegations of paragraphs 1 through 43 of this Petition.

45.     Clarence Hugh Ethridge, individually, Donna Wright and Debra K. Schultz bring this wrongful death action against Defendants for the death of Mrs. Ethridge for their own damages and for the damages to the other statutory beneficiaries arising from the injuries which caused Mrs. Ethridge's death.  Defendants are liable as the injuries were caused by their wrongful act, neglect, carelessness, and by the wrongful act, neglect, and carelessness of their agents and employees as set forth above.

46.     Clarence Hugh Ethridge, individually, Donna Wright and Debra K. Schultz request damages for the loss of consortium of the statutory beneficiaries resulting from the death of Mrs. Ethridge; loss of advice, counsel, companionship, society and affection; grief and mental anguish, bereavement and mental trauma, and emotional damages they suffered as a result of the death of Mrs. Ethridge.

## VI. DAMAGES FOR PLAINTIFFS

47.      This action is maintained by Plaintiffs for all damages to which Plaintiffs may be justly entitled because of the wrongful conduct made the basis of this suit, including damages for the pain, suffering, torment, destruction of dignity, and mental anguish caused to Mrs. Ethridge by reason of Defendants' wrongful conduct detailed hereinabove.

48.      Plaintiffs further seek to recover pre-judgment interest and post-judgment interest for all such damages and reserves the right to amend and state further the amount of actual damages.

## VII. PUNITIVE DAMAGES

49.      Defendants' actions involved such an extreme degree of risk as to constitute malice resulting in injury and harm to Plaintiffs. Defendants' acts and omissions as alleged in this Petition were willful as they have known about the dangerous condition and unnecessary deaths associated with use of their products for many years. Plaintiffs are entitled to damages, both past and future, and exemplary and punitive damages from Defendants, jointly and severally. Plaintiffs seek punitive damages in an amount commensurate with (a) the nature of the wrongs committed by Defendants; (b) the inhumane character of Defendants' course of conduct; (c) the degree of culpability of the wrongdoers herein; (d) the helpless and dependent nature of the victim in this case; and (e) the severity, frequency and degree to which the conduct described hereinabove offends the public sense of justice. Defendants' conduct alleged hereinabove justifies an award of exemplary damages in an amount sufficient to deter Defendants from engaging in this conduct in the future.

50.      Plaintiffs request that damages, punitive damages, pre-judgment interest and costs of Court be awarded to Plaintiffs against Defendants, jointly and severally.

## VIII. REQUEST FOR DISCLOSURE

51.      Pursuant to Rule 194, T.R.Civ.P., Defendants are requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2 (a) - (l).

## IX.  JURY TRIAL REQUEST

52.      Plaintiffs request and demand a jury trial.

Plaintiffs, **CLARENCE HUGH ETHRIDGE, Individually and as Personal Representative of the Estate of OUIDA LUCILLE ETHRIDGE, Deceased; DONNA WRIGHT** and **DEBRA K. SCHULTZ,** pray that Defendants, jointly and severally, be cited for damages in an amount within the jurisdiction of this Court, together with costs of Court, and for such other and further relief to which Plaintiffs may be justly entitled.

RESPECTFULLY SUBMITTED,

MARIAN S. ROSEN & ASSOCIATES

MARIAN S. ROSEN
State Bar No. 17263000
ANGELA SPEARS
State Bar No. 00792866
ATTORNEYS FOR PLAINTIFFS
5065 Westheimer, Suite 840
Houston, Texas  77056
(713) 222-6464  (ofc)
(713) 227-4703  (fax)

11–CV–1364
DCREJT
Request for Jury Trial
267903

No. 11 CV 1364

| | | |
|---|---|---|
| CLARENCE HUGH ETHRIDGE, Individually and as Personal Representative of the Estate of OUIDA LUCILLE ETHRIDGE, Deceased; DONNA WRIGHT and DEBRA K. SCHULTZ | § § § § § § | IN THE DISTRICT COURT OF |
| | § | GALVESTON COUNTY, TEXAS |
| vs | § § | |
| INVACARE CORPORATION and AMERICAN BANTEX CORPORATION | § § | 212th _____ JUDICIAL DISTRICT |

## APPLICATION FOR JURY TRIAL

Pursuant to Rule 216a, T.R.Civ.P., Plaintiffs formally make this demand and application for a jury trial in this matter within a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than 30 days in advance of said date. The required jury fee is filed with this Application.

RESPECTFULLY SUBMITTED,

MARIAN S. ROSEN & ASSOCIATES

MARIAN S. ROSEN
State Bar No. 17263000
ANGELA SPEARS
State Bar No. 00792866
ATTORNEYS FOR PLAINTIFFS
5065 Westheimer, Suite 840
Houston, Texas 77056
(713) 222-6464  (ofc)
(713) 227-4703  (fax)

Ethridge(2)Pet.wpd  8/22/11

11-CV-1364
DCINSCF
Information Sheet — for Case Filing
257304

# THE DISTRICT COURTS OF GALVESTON COUNTY
## CIVIL CASE INFORMATION STATEMENT

This Case Information Statement is for administrative purposes only. It shall be filed with the parties Original Pleadings and shall be served upon all other parties to the action.

11 CV 1364

STYLE:

CLARENCE HUGH ETHRIDGE, Individually and as Personal Representative of the Estate of OUIDA LUCILLE ETHRIDGE, Deceased; DONNA WRIGHT and DEBRA K. SCHULTZ vs. INVACARE CORPORATION and AMERICAN BANTEX CORPORATION

COURT NO. _____

CASE NO. _____

FILED BY:  _X_ Plaintiff

___ Defendant

___ Other

Name of Primary Attorney filing this: **Angela Spears**

Bar No. **00792866**

Address **5065 Westheimer Suite 840**

City **Houston**  State **Tx**  Zip **77056**

Phone No. **713-222-6464**  Fax No. **713-227-4703**

Name of Opposing Attorney, if known _____

Bar No. _____

Address _____

City _____  State _____  Zip _____

Phone No. _____  Fax No. _____

Briefly describe the case, including special characteristics that may warrant extended discovery or accelerated disposition. If discovery LEVEL 3 is requested, explain why. Attach additional sheets if necessary.

**products liability against bed rail manufacturer and air mattress manufacturer for bed rail strangulation**

Estimated time for discovery **12 months**

Do you presently anticipate adding any parties? **No**

Estimated Trial Time **1 week**

When? _____

Level Assignment Preferred:

LEVEL 1

LEVEL 2  ✓

LEVEL 3

$50,000 or less

All other Cases

Court order only

Is this case suitable for ADR? **yes**

Signature of Attorney _____

Printed Name of Attorney: **Angela Spears**

ADR Method **mediation**

Date **Aug 22, 2011**

All Status Conferences will be set for the Thursday following 90 days from the date of filing.
**YOUR STATUS CONFERENCE IS SET AS FOLLOWS:**

10TH District Court    10:00 a.m. _____

56th District Court    9:30 a.m. _____

122nd District Court   9:30 a.m. _____

212th District Court   9:00 a.m. _____

405th District Court   9:30 a.m. _____

REV 6/2004

11—CV—1364
DCRESERV
Request for Service
257807

2

**MARIAN S. ROSEN & ASSOCIATES**
Attorneys at Law
5065 Westheimer, Suite 840
Houston, Texas 77056
Telephone: (713) 222-6464
Toll-Free: (800) 613-5690
Fax: (713) 227-4703

2011 AUG 24   AM 10: 26

ANGELA SPEARS
angela@marianrosen.com
BY _____ murray
DISTRICT CLERK
GALV.    CO COUNTY, TEXAS

**MARIAN S. ROSEN**
Texas Board of Legal Specialization - Family Law
Also Admitted to Practice in Colorado and Florida
marian@marianrosen.com

August 22, 2011

Mr. Jason Murray
Galveston County District Clerk
600  59th Street, Room 4001
Galveston, Texas  77551-2388

11 CV 1364

Re:    Clarence Hugh Ethridge, Individually and as Personal
Representative of the Estate of Ouida Lucille Ethridge,
Deceased; Donna Wright and Debra K. Schultz vs
Invacare Corporation and American Bantex Corporation.

Dear Mr. Murray,                               *Job assigned to FA, 8-26-11*

        Enclosed for filing are the original and three copies of the Plaintiffs' Original Petition.
Please note the date and time of filing on the extra copy enclosed and return it to us in the
envelope provided.

        Please prepare citations for service of process upon the following Defendants:

**Invacare Corporation**
**C/O CT Corporation System**
350 N. St. Paul Street, Suite 2900
Dallas, Texas 75201

**American Bantex Corporation**
**C/O Texas Secretary of State**
Citations Unit
Secretary of State
P.O. Box 12079
Austin, Texas 78711-2079

        Two additional copies of the Petition are enclosed for issuance of the citations. Please
return the citations to our office so that we can secure service.

CK 301.00

Mr. Jason Murray
Galveston County District Clerk
August 22, 2011
Page Two


We have enclosed a check in the amount of $301 to cover the filing fee ($255), issuance of two citations ($16) and the jury fee ($30).

Thank you very much for your assistance.

Sincerely,

Carol Morrison
Paralegal


/cam
Enclosures



11—CV—1364
DORELC
Remit Letter for Costs — File Copy
257320



**JASON E. MURRAY**
DISTRICT CLERK
**GALVESTON COUNTY, TEXAS**

August 24, 2011

Marian S Rosen
5065 Westheimer Suite 840
Houston TX 77056

Re: 11-CV-1364 Clarence Hugh Ethridge, et al vs. Invacare Corporation, et al filed in 212th District Court of Galveston County, Texas

Dear Attorney/Pro Se Party:

Attached please find a receipt for fees de on the above referenced case. Please remit the sum of $4.00; completion of initial filing fee. If you are an attorney, you may remit payment by a firm check. Pro Se parties may make payment by cashier's check, money order. Payments should be made payable to Jason E. Murray. Cash payments can also be made in person. Credit card payments are also accepted (please call 409-766-2468 for instructions). Credit card payments are offered using a third party vendor and are subject to convenience charges assessed by the vendor.

To ensure proper posting, please include the case number on the face of any payment. Thank you for your immediate attention.

Sincerely,

JASON E. MURRAY
District Clerk
Galveston County, Texas

By: Rick Whelton, Deputy Clerk

*600 59th Street, Room 4001, Galveston County Justice Center, Galveston, Texas 77551-2388*

*Phone (409) 766-2424 Fax (409) 766-2292*



11-CV-1364
OCC1188
Citation Issuance – Work Product    ON WHOM
269321

THE STATE OF TEXAS

CAUSE NO. 11-CV-1364 - 212th District Court

CLARENCE HUGH ETHRIDGE, ET AL VS. INVACARE CORPORATION, ET AL

TO:    AMERICAN BANTEX CORPORATION, Upon Whom Process of Service May Be Had By Serving: **THE TEXAS SECRETARY STATE, CITATIONS UNIT, P.O. BOX 12079, AUSTIN, TEXAS 78711-2079, WHO SHALL THEN FORWARD A COPY TO REGISTERED AGENT PAUL LIN, 1815 ROLLINS ROAD, BURLINGAME, CA 94010**

Greeting:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days from the date you were served this citation and petition/motion, a default judgment may be taken against you. Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. The case is presently pending before the **212th District Court** of Galveston County sitting in Galveston, Texas, and the **Original Petition - OCA** was filed on this the 24th day of August, 2011. It bears cause number **11-CV-1364** and see the attached petition/motion for named parties to the suit.

The name and address of the Movant or the attorney of record is:

**Marian S. Rosen, Attorney**
**5065 Westheimer, Suite 840**
**Houston, Texas 77056**

The nature of the demands of said Movant is shown by a true and correct copy of the **Original Petition - OCA** and made a part hereof. If this citation is not served, it shall be returned unserved.

Issued and given under my hand and the seal of said court at Galveston, Texas, on this the 30th day of August, 2011.

ATTEST:
**JASON E. MURRAY**, District Clerk
Galveston County, Texas

By: _____, Deputy
    Froy Arcega

NOTE: Status Conference Set:
**11/23/11 AT  9:00 AM in the 212th District Court**
**SEE ATTACHED FORM**

OFFICER'S OR AUTHORIZED & DISINTERESTED PERSON'S RETURN

Came to hand on _____ day of _____, 20___ at _____ o'clock ___. M, and executed in _____ County, Texas by delivering to the within named **AMERICAN BANTEX CORPORATION**, by serving **THE TEXAS SECRETARY STATE** in person or by registered or certified mail, return receipt requested, a true copy of this citation, with the date of delivery endorsed thereon, together with the accompanying true and correct copy of the  **Original Petition - OCA**, at the following times and places, to-wit:

| Name | Date | Time of Service | Place |
|------|------|-----------------|-------|
|      |      |                 |       |
|      |      |                 |       |

Fee – Serving: _____

    Amount: _____

Name of Officer or Authorized & Disinterested Person

_____ County, Texas

By _____
   Signature of Deputy or Authorized & Disinterested Person

Authorized & Disinterested Person's Verification:
On this day personally appeared _____, known to me to be the person whose signature appears on the foregoing return. After being duly sworn by me, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

Sworn to and subscribed before me, on this _____ day of _____, 20___.

Notary's Name Printed _____

Notary Public In and for the State of Texas _____

Commission Expires _____

CIVIL CITATION UPON WHOM

## THE STATE OF TEXAS

### CAUSE NO. 11-CV-1364 - 212th District Court

### CLARENCE HUGH ETHRIDGE, ET AL VS. INVACARE CORPORATION, ET AL

**TO:** **INVACARE CORPORATION, Upon Whom Process of Service May Be Had By Serving: ITS REGISTERED AGENT CT CORPORATION SYSTEM, 350 N. ST. PAUL STREET, SUITE 2900, DALLAS, TEXAS 75201**

Greeting:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days from the date you were served this citation and petition/motion, a default judgment may be taken against you. Said written answer may be filed by mailing same to : District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. The case is presently pending before the 212th District Court of Galveston County sitting in Galveston, Texas, and the **Original Petition - OCA** was filed on this the 24th day of August, 2011. It bears cause number 11-CV-1364 and see the attached petition/motion for named parties to the suit.

The name and address of the Movant or the attorney of record is:

**Marian S. Rosen, Attorney**
**5065 Westheimer, Suite 840**
**Houston, Texas 77056**

The nature of the demands of said Movant is shown by a true and correct copy of the **Original Petition - OCA** and made a part hereof. If this citation is not served, it shall be returned unserved.

Issued and given under my hand and the seal of said court at Galveston, Texas, **on this the 30th day of August, 2011.**

ATTEST:
**JASON E. MURRAY**, District Clerk
Galveston County, Texas

By:_____,Deputy
   Froy Arcega

**NOTE: Status Conference Set:**
**11/23/11 AT  9:00 AM in the 212th District Court**
**SEE ATTACHED FORM**

## OFFICER'S OR AUTHORIZED & DISINTERESTED PERSON'S RETURN

Came to hand on _____ day of _____, 20___ at _____ o'clock _____ .M. and executed in _____ County, Texas by delivering to the within named **INVACARE CORPORATION**, by serving **CT CORPORATION SYSTEM** in person or by registered or certified mail, return receipt requested, a true copy of this citation, with the date of delivery endorsed thereon, together with the accompanying true and correct copy of the **Original Petition - OCA**, at the following times and places, to-wit:

| Name | Date | Time of Service | Place |
|------|------|-----------------|-------|
|      |      |                 |       |

Fee – Serving: _____

   Amount: _____           Name of Officer or Authorized & Disinterested Person

                                 _____ County, Texas

                          By _____
                             Signature of Deputy or Authorized & Disinterested Person

Authorized & Disinterested Person's Verification:
On this day personally appeared _____ known to me to be the person whose signature appears on the foregoing return. After being duly sworn by me, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

Sworn to and subscribed before me, on this _____ day of _____, 20___.

Notary's Name Printed _____
Notary Public In and for the State of Texas _____
Commission Expires _____

Logout My Account Search Menu New Case Search Refine Search Back          Location : District Civil and Family Court   Images

# CASE SUMMARY
## CASE NO. 11-CV-1364

| Clarence Hugh Ethridge, et al vs. Invacare Corporation, et al | § | Case Type: | Injury/Damage - Other |
|---|---|---|---|
| | § | Subtype: | Personal Injury |
| | § | Date Filed: | 08/24/2011 |
| | § | Location: | 212th District Court |
| | § | Judicial Officer: | Criss, Susan |

---

### PARTY INFORMATION

| | | | Lead Attorneys |
|---|---|---|---|
| Defendant | American Bantex Corporation
Burlingame, CA 94010 | | |
| Defendant | Invacare Corporation
Dallas, TX 75201 | | |
| Plaintiff | Ethridge, Clarence Hugh | | Marian S Rosen
*Retained*
7132226464(W)
713-227-4703(F) |
| Plaintiff | Schultz, Debra K. | | Marian S Rosen
*Retained*
7132226464(W)
713-227-4703(F) |
| Plaintiff | Wright, Donna | | Marian S Rosen
*Retained*
7132226464(W)
713-227-4703(F) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 08/24/2011 | **Original Petition - OCA**
*copies and s/c sheet mailed to Atty 8-30-11 FA* |
| 08/24/2011 | **Jury Demand**
*Jury demanded in Original Petition, fee paid (workflow changed to Verification)* |
| 08/24/2011 | **Request for Jury Trial**
*Application* |
| 08/24/2011 | **Information Sheet - for Case Filing** |
| 08/24/2011 | **Request for Service**
*2 citations requested, Job assigned to FA, issued in Galv* |
| 08/24/2011 | **Remit Letter for Costs - File Copy** |
| 08/30/2011 | **Citation Issuance - Work Product**
*8-30-11 iss 2 cits (1 reg; 1 via SOS) $20 mailed to Atty FA* |

---

**Unofficial Record**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **CLARENCE HUGH ETHRIDGE, Individually** | § | |
| **And as Personal Representative of the Estate of** | § | **CAUSE NO. _____** |
| **OUIDA LUCILLE ETHRIDGE, Deceased;** | § | |
| **DONNA WRIGHT and** | § | |
| **DEBRA K. SCHULTZ** | § | |
| | § | |
| **vs.** | § | **JURY DEMANDED** |
| | § | |
| **INVACARE CORPORATION and** | § | |
| **AMERICAN BANTEX CORPORATION** | § | |

### LIST OF PARTIES AND COUNSEL OF RECORD

Pursuant to Local Rule 81, Defendant Invacare Corporation ("Invacare") files the

following items concurrently with their Notice of Removal of Cause No. 11-CV-1364 filed in the

District Court of Galveston County, Texas, 212th Judicial District:

*Parties*

Plaintiff:          Clarence Hugh Ethridge, Individually and as Personal Representative of
                    the Estate of Ouida Lucille Ethridge, Deceased;

                    Donna Wright; and

                    Debra K. Schultz

Defendants:         Invacare Corporation

*Counsel of Record*

**ATTORNEYS FOR DEFENDANT**
**INVACARE CORPORATION:**

Robert G. Smith, Jr.
SBN: 00794661
FBN: 19976
rgs@lorancethompson.com
Katherine L. Sunstrom
SBN: 24037538
FBN: 34370

**ATTORNEYS FOR PLAINTIFF:**

Marian S. Rosen
SBN: 17263000
Angela Spears
SBN: 00792866
Marian S. Rosen & Associates
5065 Westheimer, Suite 840
Houston, Texas 77056
713.222.6464



ks@lorancethompson.com                713.227.4703 (fax)
2900 North Loop West, Ste. 500
Houston, Texas 77092
Telephone: 713/868-5560
Facsimile: 713/864-4671


**ATTORNEY    FOR    DEFENDANT
AMERICAN BANTEX CORPORATION:**

Unknown at this time.


## CASE STATUS

Invacare was served with Plaintiff's Original Petition and Request for Disclosures on

September 3, 2011.   No responses to discovery have been filed.   No depositions have been taken.

The matter has not been mediated.   The case has a status conference scheduled on November 23,

2011.

                                        Respectfully submitted,

                                        **LORANCE & THOMPSON, P.C.**


                                        "/s/ Robert G. Smith, Jr."
                                        Robert G. Smith, Jr.
                                        SBN:  00794661
                                        FBN:  19976
                                        rgs@lorancethompson.com
                                        Katie Sunstrom
                                        SBN:  24037538
                                        FBN:  34370
                                        ks@lorancethompson.com
                                        2900 North Loop West, Ste. 500
                                        Houston, Texas 77092
                                        Telephone: 713/868-5560
                                        Facsimile:  713/864-4671
                                        **ATTORNEY FOR DEFENDANTS
                                        INVACARE CORPORATION**


2

## CERTIFICATE OF SERVICE

I certify that on the _23rd_ day of September, 2011, a true and correct copy of the foregoing document was furnished to the following parties pursuant to Federal Rules of Civil Procedure:

Marian S. Rosen
SBN: 17263000
Angela Spears
SBN: 00792866
Marian S. Rosen & Associates
5065 Westheimer, Suite 840
Houston, Texas 77056
713.222.6464
713.227.4703 (fax)
**ATTORNEYS FOR PLAINTIFFS**

Paul Lin
Registered Agent
American Bantex Corporation
1815 Rollins Road
Burlingame, California  94010.

"/s/ Robert G. Smith, Jr."
Robert G. Smith, Jr.